UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LARON TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:05-CV-357 |
| | ) |
| COLDWELL BANKER ROTH WEHRLY GRABER, VERNA GERBER, THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, GOLDEN FEATHER REALTY SERVICES, INC., FIRST RESIDENTIAL REAL ESTATE COMPANY, LLC, ROSE CRUSOE, HIRSCHY REAL ESTATE AND AUCTIONEERING and GORDON HIRSCHY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss filed by Defendant Department of Housing and Urban Development (hereinafter "HUD") on November 23, 2005. Plaintiff filed a response on December 8, 2005, and HUD filed a reply on January 3, 2006.[1] For the following reasons, the motion to dismiss is GRANTED and this case is REMANDED to the Allen Superior Court.

**BACKGROUND**

LaRon Taylor (hereinafter "Taylor") brought this action originally in the Allen Superior Court. Taylor, it appears, purchased improved real estate located in Fort Wayne, Indiana, on or

---

[1] More accurately, HUD filed a "Notice" on January 3, informing the court that it did not intend to file a reply brief, but rather to rest its arguments as they are set forth in the original brief in support of the motion to dismiss.

about April 30, 2003.  Taylor entered into a sales contract with HUD.  The real estate in question was a "four-plex" residential unit.  Plaintiff claims that once he closed the deal, he learned that the property was zoned only for single-family use rather than multi-family use, thus allegedly depriving him of the ability to rent the units and resulting in a significant financial loss.

In his original multiple count Complaint filed in the state court, Taylor named as defendants the following persons and entities: 1) Coldwell Banker Roth Wehrly Graber; 2) Verna Gerber; 3) Star Realty; 4) Rose Crusoe; 5) Hirschy Real Estate and Auctioneering; and 6) Gordon Hirschy.  Taylor alleged several causes of action, including various breach of contract actions and fraud actions.  According to Taylor, several of the defendants, once they filed their Answer and Affirmative Defenses in state court, argued that his Complaint was deficient in that it failed to name HUD as a defendant.  *See* Plaintiff's Response to the U.S. Department of Housing and Urban Development's Motion to Dismiss ("Plaintiff's Response"), pp. 1-2.  As a result of these arguments, Taylor filed an Amended Complaint in state court, "adding HUD, Golden Feather Realty Services, and First Residential Real Estate Company, LLC as Defendants."  *Id*., p. 2.  HUD, through the office of the United States Attorney, then filed a petition for removal to this court on October 7, 2005.

In its motion, HUD argues that "plaintiff cannot establish subject matter jurisdiction over this action against HUD . . . ."  Memorandum in Support of Motion to Dismiss, p. 1.  More precisely, HUD argues that Taylor cannot pursue a claim for damages against HUD due to the doctrine of sovereign immunity.  *Id*., p. 2.  As HUD correctly points out, "[a] suit against the government cannot proceed absent a waiver of sovereign immunity."  *Id*.  Furthermore, HUD argues that Taylor's Complaint "has not alleged any basis for jurisdiction against the United

2

States . . . ." *Id.*, p. 3.  HUD concedes that "since plaintiff is seeking money damages against the United States, the Federal Tort Claims Act could provide jurisdiction." *Id.*  But HUD goes on to explain that Taylor has not followed the statutory provisions required for bringing such a claim (i.e., he did not file a federal tort claim notice and/or comply with the requisite administrative procedures for bringing such an action).  *Id.* (citations omitted).

In its very thorough brief in support of its motion to dismiss, HUD goes to lengths to discuss any possible legal theories on which Taylor might conceivably be able to state a claim against the government, thereby establishing jurisdiction in this court.  But HUD then also explains why none of these theories are viable or applicable in this case.  A detailed discussion and analysis of these various theories is unnecessary, however, since Taylor wisely concedes this motion.  As discussed above, Taylor explains in his response brief that he named HUD as a defendant in this action only after other defendants alleged in their Answers and Affirmative Defenses that HUD was a necessary and/or indispensable party to the suit.  In his response, Taylor states as follows: "For the purposes of the Court's decision-making with regard to HUD's motion to dismiss, Taylor has reviewed HUD's Memorandum in Support of its Motion to Dismiss and has nothing to add to the analysis."  Plaintiff's Response, p. 2.  While this may not be an explicit concession of the motion to dismiss, it is certainly implicit.  Apparently HUD believes so, too, since the government felt it unnecessary to file any reply.  *See* Notice to the Court, docket at 21.

Since Taylor does not contest the motion, which in any case is well taken, it must be granted.  In its motion to dismiss, HUD does not request that this case be remanded to the state court.  However, that goes without saying since there is no federal subject matter jurisdiction.

**CONCLUSION**

Based on the foregoing, the Motion to Dismiss filed by the Department of Housing and Urban Development is hereby GRANTED, and this case is REMANDED to the Allen Superior Court.

Date: January 10, 2006.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court